**CASE NO.: 22-13214**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

**DAVID BIRCHFIELD AND MELISSA MCDICKINSON, Appellants**

**v.**

**KA'TORIA GRAY, Appellee.**

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**
**Case No. 2:17-cv-00595 RAH**

---

**REPLY BRIEF OF APPELLANTS**
**MELISSA MCDICKINSON AND DAVID BIRCHFIELD**

---

**Marion F. Walker**
Of Counsel
(ASB L73M-0734)
**FISHER PHILLIPS LLP**
2100A South Bridge Parkway
Ste. 650
Birmingham, Alabama 35209
Telephone:  (205) 414-7419
Facsimile:  (205) 718-7607
Email:mfwalker@fisherphillips.com

Counsel for Appellants, Melissa McDickinson and David Birchfield

**Date: December 6, 2023**

# CERTIFICATE OF INTERESTED PERSONS

No. 22-13214 David Birchfield et al. v. Ka'toria Gray.

---

**District Court Judge R. Austin Huffaker, Jr.**

**District Court Judge Emily C. Marks**

**District Court Judge Myron H. Thompson**

**Magistrate Judge Wallace Capel, Jr.**

**Magistrate Judge Stephen Michael Doyle**

**Magistrate Judge Jerusha T. Adams**

**Baer, Andrew** Counsel for David Birchfield and Melissa McDickinson

**Birchfield, David, Appellant**

**Edwards, Sonya** – Counsel for Plaintiff

**Elrod, Bobby** – Employee of Koch Defendant Koch Foods, Inc. and/or Koch Foods of Alabama, LLC

**Fancher, Sharonda Childs** – Former Counsel for Defendants Koch Foods, Inc. and Koch Foods of Alabama, LLC

**Fisher Phillips LLP** – Counsel for Appellants Melissa McDickinson and David Birchfield

**Goerdt, Corey Joseph Myers** - Former Counsel for Appellants

**Guerrier, Charles E.** – Counsel for Plaintiff/Appellee

**Haynes, Alicia K.** – Counsel for Plaintiff/Appellee

i

**Haynes & Haynes, PC** - Counsel for Plaintiff/Appellee

**Heather Leonard, PC** – Counsel for Plaintiff/Appellee

**Koch foods of Alabama, LLC** – Defendant

**Jackson, Steven** – Witness

**Karlson, Daisy Christina** – Former Counsel for Defendants Koch Foods Inc. and Koch Foods of Alabama, LLC

**Koch Foods, Inc.** – Defendant

**Leonard, Heather Newson** – Counsel for Plaintiff/Appellee

**McDickinson, Melissa,** Appellant

**Reese, Annalese Herndon** – Former Counsel for Appellants Melissa McDickinson and David Birchfield

**Smith Ashley Nicole of Miller Smith, LLC** – Counsel for Steven Jackson

**Walker, Marion F.** – Counsel for Appellants Melissa McDickinson and David Birchfield

**Wilkinson, Cynthia Forman** – Counsel for Plaintiff/Appellee

FP 48976441.1 12-6-2023

# CORPORATE DISCLOSURE STATEMENT

No. 22-13214          David Birchfield et al. v. Ka'toria Gray.

---

Pursuant to Fed. R. App. 26.1, counsel also makes the following disclosures:

David Birchfield and Melissa McDickinson are individuals and have no corporate disclosure obligations.

Respectfully Submitted

*s/ Marion F. Walker*
**MARION F. WALKER**
Alabama Bar No. 0734-L73M
Of Counsel
**FISHER PHILLIPS LLP**
2100A South Bridge Parkway, Ste. 650
Birmingham, Alabama 35209
Telephone (205) 414-7419
Facsimile  (205) 718-7607
Email:  mfwalker@fisherphillips.com

**COUNSEL FOR APPELLANTS,
MELISSA MCDICKINSON AND
DAVID BIRCHFIELD**

iii

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ................................................ i

CORPORATE DISCLOSURE STATEMENT ........................................... iii

TABLE OF AUTHORITIES ................................................................. vi

STATEMENT REGARDING ADOPTION OF BRIEFS AND
OTHER PARTIES ............................................................................... ix

REFERENCES TO THE RECORD ....................................................... ix

STATEMENT OF THE CASE .............................................................. 1

    Corrections........................................................................................ 1

    Supplemental and Clarifying Costs Issue Status ................................. 1

ARGUMENT ..................................................................................... 2

    I.    Relevant Evidence Does Not Support Assault
        and Battery Claims................................................................ 2

        A.    There is No Evidence of Birchfield Intending
             to Brush Lips with Gray ......................................... 4

        B.    Gray's Evidence Lacked the Requisite Manner and
             Spirit to Legally Support an Assault and Battery Claim
             By McDickinson or Birchfield ................................. 7

    II.    The Evidence Does Not Support the Punitive Damages
        Verdicts .............................................................................. 10

        A.    Gray Cannot Support the Jury Verdicts for
             Punitive Damages with False Facts ......................... 10

        B.    Law and Facts Do Not Support Verdicts of
             Punitive Damages ................................................. 11

        C.    Gray Cannot Make Her Proof with a General
             Denial by Appellants ............................................. 18

    III.    Gray is Not Entitled to Costs................................................ 19

        A.    Gray's Claim to Prevailing Party Status for
             Award of Costs is Not Supported by the Law ............ 20

        B.    No Legitimate Basis Supports District Court Award
             of Costs Associated with the Counterclaims .............. 23

FP 48976441.1 12-6-2023

CONCLUSION ....................................................................................... 24

CERTIFICATE OF COMPLIANCE ...................................................... 25

CERTIFICATE OF SERVICE ................................................................ 26

FP 48976441.1 12-6-2023

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby*,
 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986) ..........................3, 15, 17

*Avila-Zavala v. Sexton*,
 2:17-cv-2168 (N.D. Ala. Sept. 5, 2019) .............................................................3

*Beach Blitz Co. v. City of Elizabeth*,
 13 F. 4th 1289 (11th Cir. 2021) ........................................................................20

*Bennett v. Pipe Work Sols.*,
 No. 1:17-cv-858 (N.D. Ala. Mar. 26, 2020).......................................................4

*Bennett v. State*,
 57 Ala. App. 568, 329 So. 2d 627 (Crim. App. 1976)......................................3, 6

*Berry v. Fife*,
 590 So. 2d 884 (Ala. 1991)...............................................................................16

*Bose Corp. v. Consumer Union of the U.S., Inc.*,
 466 U.S. 485, 104 S. Ct. 1949 (1984)................................................................3

*Celotex Corp. v. Cathrett*,
 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ...................................12

*CRST Van Expedited, Inc. v. Equal Employment Opportunity
 Commission*,
 578 U.S. 419, 136 S. Ct. 1632, 1651,194 L. Ed 2d 707 (2016) ...................20, 22

*Delchamps, Inc. v. Morgan*,
 601 So. 2d 442 (Ala. 1992).........................................................................11, 13

*Ex Parte Atmore Community Hsp.*,
 719 So. 2d 1190 (1998)...................................................................................3, 6

*Ex Parte Essary*,
 992 So. 2d 5 (Ala. 2007).................................................................................16

FP 48976441.1 12-6-2023

*Evans v. Stephens*,
　407 F. 3d 1272 (11th Cir. 2005)(*en banc*) ......................................................5, 17

*First Mercury Ins. Co. v. Sudderth*,
　No. 15-10119 (11th Cir. (GA.) Aug. 21, 2015)...................................................4

*Harper v. Winston Cty.*,
　892 So. 2d 346 (Ala. 2004).................................................................................9

*Harrison v. Mitchell*,
　391 So. 2d 1038 (Ala. Civ. App. 1980).......................................................12, 13

*Head v. Medford*,
　62 F. 3d 351 (11th Cir. 1995) ...........................................................................21

*Hensley v. Eckerhart*,
　461 U.S. 424 (1983)....................................................................................21, 22

*Honeycutt v. Louis Pizitz Dry Goods Co.*,
　235 Ala. 507, 180 So. 91 (1938)........................................................................6

*Istvan v. Portfolio Recovery Assoc., LLC*,
　No. 2:13-cv-539 ** 5-6 (N. D. Ala. June 20, 2014)..........................................24

*Matthews v. Crosby*,
　480 F. 3d 1265 (11th Cir. 2007) .......................................................................24

*McDonald v. Royal Globe Ins. Co.*,
　413 So. 2d 1046, 1049 (Ala. 1982).....................................................................5

*McIver v. Bondy's Ford, Inc.*,
　963 So. 2d 136 (Ala. Civ. App. 2007) ..............................................................11

*Mitchell v. Folmar & Associates, LLP*,
　854 So. 2d 1115 (Ala. 2003)..............................................................................11

*Peete v. Blackwell*,
　504 So. 2d 222 (Ala. 1986)..........................................................................12, 13

*Raney v. Vinson Guard Serv., Inc.*,
　120 F. 3d 197, 1197 (11th Cir. 1997) .................................................................3

vii

*Reeves v. Sanderson Plumbing Products*,
530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) ....................................2

*Royal Palm Props LLC v. Pink Palm Prop. LLC*,
38 F. 4th 1372 (11th Cir. 2022) ....................................................................20, 22

*Semtek International, Inc. v. Lockheed Martin Corp.*,
531 U.S. 497, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001) ..................................24

*Simmons v. Frank Norton, LLC*,
No. 2:-cv-00147 (N.D. Ala. July 27, 2017) ........................................................3

*Smith v. Metro. Sec. Servs., Inc.*,
No. 12-cv-12711 ** 11-12 (11th Cir. Sept. 18, 2013) ...................................3, 18

*Surrency v. Harbison*,
489 So. 2d 1097 (Ala. 1986)...........................................................................6, 12

*United States v. Mitchell,*
580 F. 2d 789, 793-94 (5th Cir. 1978) ...............................................................21

*Vinson v. Koch Foods of Ala., LLC.*,
No. 2:12-cv-1088, 2019 WL 6971497 (M.D. Ala. Jan. 29, 2019) ....................22

*Wilborn v. Southern Union State Cmty. Coll.*,
720 F. Supp. 2d 1274 (M.D. Ala. 2010)...............................................................7

*Wilcox v. Andalusia City Schs. Bd. Of Educ.*,
2:19-cv-650 (M. D. Ala. Mar. 8, 2023) ..............................................................18

*Williams v. Radford*,
64 F. 4th 1185 (11th Cir. 2023) ...........................................................................4

**Other Authorities**

Fed. R. Civ. P. Rule 41 ......................................................................19, 23, 24, 25

Fed. R. Civ. P. Rule 12(b)(6) ..............................................................................20

Fed. R. Civ. P. Rule 50(b) ...................................................................................17

Fed. R. Civ. P. Rule 54(b).............................................................2, 20, 21, 22, 23, 25

FP 48976441.1 12-6-2023

# STATEMENT REGARDING ADOPTION OF
# BRIEFS OF OTHER PARTIES

Appellants do not adopt any brief of another party.

*/s/Marion F. Walker*
Marion F. Walker
Attorney for Appellants
Melissa McDickinson and
David Birchfield

# REFERENCES TO THE RECORD

Citation reference to the record is to the district court document number and page and line numbers assigned by the court reporter pursuant to 11th Cir. Rule 28-5. Citation to the Appendix are to "App'x." and document number with the Tab number and document pages, as appropriate. References to trial exhibits are to the district court Doc 503 and district court assigned number followed by "PX." number for plaintiff exhibits and "DX." number for defendants' exhibits.

FP 48976441.1 12-6-2023

## Course of Proceedings Below

     1.    <u>Corrections</u>

Appellants acknowledge and apologize for the incorrect references regarding summary judgment orders in this case. Ka'Toria Gray's ("Gray") corrections at Gray Brf., Doc. 52:19 are accepted. The district court's Order, denying attorney fees, found Gray a prevailing party on the counterclaims and entitled to costs associated with those defenses. (App'x. Doc 41-2, Tab 20, pp. 153-54). Gray incorrectly provided the status of the costs issue by implying the Order referred to costs of defending the counterclaims as "additional" to other claimed costs. The Order does not mention "additional costs." *Id.*

Appellants stand by their report (Appellants' Brf., Doc. 45:18) that Gray filed her Bill of Costs (Doc. 518) on April 20, 2022 despite Gray's contrary contention. (Gray Brf., Doc. 52:19).

     2.    <u>Supplemental and Clarifying Costs Issue Status</u>

Gray's Bill of Costs, excluded costs associated with defending the counterclaims,[1] and filed a Motion requesting fees and costs for defense of the counterclaims, as "consequences" for the voluntarily dismissals the week before

---

[1] *See* Declaration of A. Haynes, counsel for Gray, Doc. 518-1, p. 10 to Bill of Costs: " To the extent possible the costs and expenses associated with defending the counterclaims brought by McDickinson and Birchfield have been excluded. Plaintiff has filed a separate motion for the costs to assess fees, expenses and costs associated with the dismissal of the counterclaims. (*See* Doc. 517)"

1

trial. (App'x., Doc. 41-2, Tab 16, pp. 105, 112-13). Appellants opposed, noting, no Bill of Costs was timely filed, and there were no circumstances warranting an award of such costs. (App'x., Doc. 41-2, Tab 17, pp. 116-18).

In apparent agreement with Appellants' argument (Doc 524, pp. 3-6) about no prevailing party, the district court denied Gray's request for fees but granted the Motion only as to costs associated with defending the counterclaims. (App'x., Doc. 41-2, Tab 20, p. 153-4). Gray subsequently filed a submission proclaiming she had not sought costs associated with defense of the counterclaims under Rule 54(b) but under the Motion seeking sanctions. (App'x., Doc. 41-2, Tab 21, pp. 157-58). After review, Gray admitted there were "no additional statutory costs which were incurred 'solely attributable' to the dismissed counterclaims." *Id.* However, she claimed all costs incurred, less several objectionable items, alleging the costs were "inextricably intertwined." (App'x., Doc. 41-2, Tab 21, p. 158-9).

## ARGUMENT

I. <u>**RELEVANT EVIDENCE DOES NOT SUPPORT ASSAULT AND BATTERY CLAIMS**</u>

Appellants credit the testimony, under the Rule 54(b) analysis, of Gray and any undisputed testimony, inasmuch as the jury did not have to believe the negative defenses of McDickinson and Birchfield. *See Reeves v. Sanderson Plumbing Products,* 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed. 2d 105, 122 (2000). The focus must be on proof of the elements of each claim and "reasonable

FP 48976441.1 12-6-2023

inferences" in Gray's favor from the relevant evidence. *Id.* Secondly, a negative defense cannot provide proof Gray is unable to meet. *See, e.g., Smith v. Metro. Sec. Servs., Inc.,* No. 12-cv-12711 ** 11-12 (11th Cir. Sept. 18, 2013) citing *Raney v. Vinson Guard Serv., Inc.,* 120 F. 3d 192, 1197 (11th Cir. 1997) and *Bose Corp. v. Consumer Union of the U.S., Inc.,*466 U.S. 485, 512, 104 S. Ct. 1949, 1966 (1984).

The evidence about what happened that night - all of her testimony – must be considered when making any inference. Evidence of the nonmovant is to be believed and all justifiable inferences resolved in her favor. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 249-251, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)(Nonmovant must provide probative evidence providing a legitimate basis for a reasonable jury to find for the nonmovant.). Gray would have the Court now credit assertions unsupported by the record.

Citing *Bennett v. State,* 57 Ala. App. 568, 571, 329 So. 2d 627, 629 (Crim. App. 1976) and ex parte *Atmore Community Hsp.,* 719 So. 2d 1190, 1194 (1998), Gray clearly attempts to utilize the assault and battery workplace standard, of touching with sexual overtones, applied by federal district courts, including the one below (App'x., Doc. 41-2, Tab 19, p. 145), alleging sexual harassment. *See, e.g., Avila-Zavala v. Sexton,* 2:17-cv-2168 * 27 (N.D. Ala. Sept. 5, 2019); *Simmons v. Frank Norton, LLC,* No. 2:-cv-00147 *16 (N.D. Ala. July 27, 2017). The jury found there was no sexual harassment in this case. (App'x., Doc. 41-2, Tab 10, p. 1).

3

Appellants contend this standard, does not apply in a case involving a gathering at a private home where all are free to come and go as they please. (Appellants' Brf. Doc. 45:37). The correct standard is the jury charge that an assault and battery was an intended touch in a harmful or offensive manner where the conduct was "likely to offend a reasonable person." (TR. Doc. 587, 20:21 – 21:14); *see First Mercury Ins. Co. v. Sudderth,* No. 15-10119 *6 (11th Cir. (GA.) Aug. 21, 2015)(explaining the objective nature of the reasonable person inquiry).

### A. There Is No Evidence of Birchfield Intending To Brush Lips With Gray

Gray's case against Birchfield is premised on the assumption Birchfield intended to brush lips with her, when she without notice, turned to face him after he told her that he wanted to kiss her. However, at Brief, Doc. 52:35, she states, without citing to the record, that Birchfield kissed her "against her will." There is no testimony she ever told Birchfield at the time not to, or that she did not want to kiss him, so there is no evidence of her will at the time, other than her turning to face him. *See, e.g., Williams v. Radford,* 64 F. 4th 1185, 1196 (11th Cir. 2023) where evidence of Williams supported a "reliable inference of wantonness in the infliction of pain." There was testimony supporting the officer's motivation to lock Williams up or injure him in retaliation for the grievances he filed. *Id.,* at 1194; *Bennett v. Pipe Work Sols.,* No. 1:17-cv-858, *20 (N.D. Ala. Mar. 26, 2020) where intent to hit with the equipment was showed by the actor's statement, "you're in the damn way."

4

Apparently, the district court found the fact of her turning to face Birchfield not favorable to Gray's case, so did not credit it. *But see Evans v. Stephens,* 407 F. 3d 1272, 1278 (11th Cir. 2005)(*en banc*) holding the court's duty to read the record in the light most favorable to [plaintiff] does not include the "duty to disbelieve [her] sworn testimony." Birchfield's statement of desire did not reasonably signify an intent to touch Gray. Both Gray and the district court, without any justification, ignored the implicit consent or toleration inferred in Gray's turn to face Birchfield after he said he wanted to kiss her.

There was no response to the argument that the evidence failed to prove the brushing of their lips was intentional. Instead, Gray harped on the principle that no element of a battery claim required her to show the brushing of the lips was intended to harm or injure her. (Gray Brf., Doc. 52:34). Indeed, Gray claims Appellants' intent does not matter as it is not an element of assault and battery. (Gray Brf., Doc. 52:36 citing *McDonald v. Royal Globe Ins. Co.,* 413 So. 2d 1046, 1049 (Ala. 1982)). This was an insurance coverage case turning on the existence of timely notice. Stating the definition of "accident . . . neither expected nor intended from the standpoint of the insured," Justice Shores, noting "intent is not a necessary element of assault and battery, . . ." held "we cannot say as a matter of law that the injury inflicted by Murphy on McDonald was expected or intended by Murphy." (emphasis added) There must be evidence of an intent to touch, as noted by authorities Gray cited.

5

(Gray Brf., Doc. 52:33-4; Ex parte *Atmore Community Hsp.,*719 So.2d 1190, 1193 (Ala. 1998);[2] *Surrency v. Harbison,* 489 So. 2d 1097, 1104 (Ala. 1986).

Gray did not testify to being fondled by Birchfield. Yet, Gray suggested, without citation, Birchfield fondled Gray. (Gray Brf., Doc 52:32, 62-3). Gray cited *Bennett,* 57 Ala. App. at 571, 329 So. at 629 for the proposition that a battery occurs when a man "indecently fondles" a woman without her consent, or takes improper liberties. Despite claiming at Brief (Gray Brf., Doc. 52:32, 62-3) he was "pressing" and "squeezing" his body against her, she plainly testified he only <u>said</u> he wanted to kiss her and if a part of "sandwiching" her, she did not say he pressed against her.[3] Gray failed to address how this expression of desire can be reasonably morphed into a legal assault and battery. She denied he touched her to turn her body, or face, to his in order to take any liberty with her in the form of a battery.

Despite Gray's contention, a battery cannot be sustained if a touching occurs from negligence. (Gray Brf., Doc. 52:34 citing *Honeycutt v. Louis Pizitz Dry Goods Co.,* 235 Ala. 507, 180 So. 91 (1938)). Gray did not plead negligent battery (App'x. Tab 2, 41-1, pp. 75-86) and the action in *Honeycutt,* throwing "lollypops" into a

---

[2] *But see* in support of this principle, the court also cited to Restatement (Second) of Torts, § 18 which, while not quoted there, states: "§ 18. (1) An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) an offensive contact with the person of the other directly or indirectly results."

[3] Gray cites to her deposition for the proposition that Birchfield pressed against her back or squeezed her. (Gray Brf., Doc 52:27 citing Gray's Summary Judgment Submission, Doc. 242-4:166:19-23 and 168:20-169.6.) She testified McDickinson pressed against her back but not Birchfield. In saying they "sandwiched" her, she did not say Birchfield pressed on her back in deposition or trial.

FP 48976441.1 12-6-2023

crowd which resulted in injury, was an intentional act of throwing, although injury was not intended.

In effect, Gray and the district court assume Birchfield had an intent to touch and assume he acted on his expressed desire to kiss her because their lips brushed as she turned to face him. This assumption is not based upon a justifiable inference, which can support a jury verdict where her action, not his, preceded the touch. *See, e.g., Wilborn v. Southern Union State Cmty. Coll.,* 720 F. Supp. 2d 1274, 1310 (M.D. Ala. 2010) where the court pointed to actual touches to Wilborn's person by the accused which were not the result of any action by her.

**B.    Gray's Evidence Lacked The Requisite Manner and Spirit To Legally Support An Assault and Battery Claim by McDickinson or Birchfield**

Gray's legal and factual approach to respond to the assault and battery claim against McDickinson is flawed. Including a reference to McDickinson's "subsequent conduct," there was no identification of what facts supported assault and battery. The treatment of the office breasts touching, presumed McDickinson intended such a touch. The facts show Gray closed the door, after finding McDickinson sitting at her desk with her shirt unbuttoned. (TR. Doc. 576, 51:9-52:10). She did not back up at McDickinson's approach to avoid a touch or show a lack of desire for any contact (TR. Doc. 577, 76:24-77:9). Nor, did Gray reproach McDickinson or object to the touch at the time but said she was not interested. A

reasonable person in Gray's position is the lens through which as assessment must be viewed. Thereafter, there were only invitations to Gray, primarily by Jackson, which were declined and did not involve any touching, nor suggestions of sex. In fact, in evaluating this claim, the court must credit that the jury must believe the unimpeached testimony of McDickinson that, from Gray's visit on November 14, 2015, and from texts they exchanged, she thought she and Gray were friends. (Doc 582, 35:22-36:7; 37:19-21).

While rejecting a burden to prove hostility in any touch to establish a prima facie case of battery, Gray fails to grapple with the undisputed facts that: (1) she tolerated the closeness to McDickinson shown in their photograph she identified (App'x., Doc. 41-2, Tab 12), and (2) remained in the garage for close to an hour after McDickinson expressed interest in her while touching her leg. She did not say "no" to any touch or express that she was offended at the time, even as she knew if she left, there would be a clear communication of rejection. A reasonable jury could only find her communication was, at a minimum, accepting and tolerate of McDickinson's actions. She was only motivated to leave in response to the oral sex act.

An intent to injure is not an element of assault and battery. Even so, such an intent, or lack of it, can be useful in evaluating the manner and spirit in which an assault and battery occurred. There are no facts showing, in the circumstances, the

FP 48976441.1 12-6-2023

negative and offensive character underlying assault and battery, for instance shown in *Harper v. Winston Cty.,* 892 So. 2d 346, 353 (Ala. 2004). There, during an argument, Wright jerked Harper's arm to lead her to the office, as Harper resisted, and these actions by each actor were found to legally support a jury question on a claim of assault and battery. In contrast, Gray stood up when McDickinson took her hands or arms to pull her up to dance – not continue an argument in progress.

The evidence does not reflect acts or an atmosphere of intimidation which would prohibit a reasonable person from objecting to an unwanted touch. Pertinent here is the reality a reasonable person, free to leave a place in which she felt uncomfortable, powerless or afraid, would not have stayed for most of an hour and be subjected to unwanted touching. Gray was clear she was not forced to do anything and there was no hostility in any touch or comment. There was no subsequent complaint to her supervisor or even Jackson, within a reasonable time, to suggest that she found the garage conduct offensive. And she had the chance. Gray never contested, nor attempted to explain why, when Jackson contacted her the next day, she only complained about the oral sex. (Doc. 584, 10:11-19). As anti-social as the described oral sex act was, it did not amount to an assault and battery of Gray. The act should not have been considered by the district court in evaluating Gray's evidence of the assault and battery claims.

9

## II.   THE EVIDENCE DOES NOT SUPPORT THE PUNITIVE DAMAGES VERDICTS

Appellants incorporate the arguments regarding assault and battery. Gray relied upon a number of facts, or outsized embellishments thereof, which are not in the record, in an attempt to show evidentiary support for the punitive damages verdicts. Even if a jury properly inferred an intent to touch Gray by Birchfield, or make a finding that either of their touches were offensive, there is still lacking that level of aggravated circumstances, wanton, malicious or deliberate conduct required to sustain the punitive damages verdicts.

### A.   Gray Cannot Support The Jury Verdicts for Punitive Damages With False Facts

False, or unreasonably embellished, facts relied upon by Gray are: (1) the first paragraph of Gray Grf., Doc. 52:42; (2) the first paragraph of Gray Brf., Doc. 52:43; (3) the second half of the first paragraph and the last paragraph of Gray Brf., Doc. 52:44 beginning with the assertion of a "plan" created well in advance by Appellants to invite Gray over; and (4) the first full paragraph in Gray Brf., Doc 52:46. These assertions of actions by Appellants are not contained in the Statement of Facts, nor presented to the jury. There are no record citations to Gray's assertions, for instance, that McDickinson and Birchfield planned to lure Gray over in order to make sexual advances, that Birchfield kissed Gray against her will, that Birchfield pressed or

forced his body against Gray, either embraced Gray, or that McDickinson forced Gray to dance.

**B. Law and Facts Do Not Support Verdicts of Punitive Damages**

    1. <u>Standard for Awarding Punitive Damages for Assault and Battery Is High and Was Not Met</u>

Punitive damages may be awarded where "the plaintiff shows by clear and convincing evidence that the assault and battery was coupled with an insult or other circumstances of aggravation or shows by clear and convincing evidence that the defendant consciously or deliberately engaged in the kind of activity mentioned in § 6-11-20." *Delchamps, Inc. v. Morgan,* 601 So. 2d 442, 444 (Ala. 1992); *McIver v. Bondy's Ford, Inc.,* 963 So. 2d 136, 144 (Ala. Civ. App. 2007)( punitive damages are not to be awarded except ". . . where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff."); s*ee Mitchell v. Folmar & Associates, LLP,* 854 So. 2d 1115, 1119 (Ala. 2003) holding the determination of the sufficiency of the evidence to uphold punitive damages is an objective one of "whether the party having the burden of proof has produced sufficient evidence to create a factual dispute requiring resolution by the jury." Gray did not accept, discuss, or meet this burden.

The district court found there was sufficient evidence to uphold the punitive damages verdicts because the jury could have found wantonness and aggravation

11

and insult. (App'x. Doc. 41-2, Tab 19, p.146-47). The evidence relied upon was: "Given that Gray repeatedly refused Birchfield and McDickinson's advances – both physically and verbally – and given Gray's testimony concerning the overall events of that evening, . . .". *Id.*, at p. 146. The district court was motivated to not "usurp the role of the jury . . . in light of the evidence presented at trial." *Id.,* at p. 147. Appellants contend the jury does not have a role unless clear and convincing evidence meets the threshold sufficiency that would allow Gray to prevail on a claim. *See Celotex Corp. v. Cathrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ([F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."), Secondly, the record does not support a finding that Gray refused an advance of Birchfield but turned to face him. The touches by McDickinson were within seconds of each other and all stopped when Gray said she did not want to have sex.

### 2.    No Particularized Circumstances of Aggravation

Evaluating the "particularized circumstances of aggravation or insult" element of a punitive damages claim, Gray did not square the hostile tones of the actors in *Peete v. Blackwell,* 504 So. 2d 222, 224 (Ala. 1986), *Surrency v. Hardin,* 489 So. 2d 1097, 1104 (Ala. 1986), or *Harrison v. Mitchell,* 391 So. 2d 1038, 1040 (Ala. Civ. App. 1980) with her testimony about what occurred and denials of any anger, hostility or forceful acts by McDickinson or Birchfield. (TR. Doc 577, 40:8-

9). *See Delchamps v. Morgan,* 601 So. 2d 442, 444 (Ala. 1992), reversing punitive damages verdicts, and pointing to *Peete* and *Harrison* as excellent examples of the circumstances of aggravation or insult that can sustain punitive damages verdicts. Gray failed to engage in this analysis. The district court merely cited to the holdings of several cases but did not provide a persuasive analysis with the facts in this case.

The evidence was not sufficient to show that a reasonable person, who felt uncomfortable and awkward, would have remained for as much as an hour and into the early morning hours in a garage with rap music, low strobe lights, with three other people drinking, she barely knew, and not leave.  Gray did not recall anything pleasant, or even any laughter. If inclined to attend the gathering to talk about work issues, she remained when those brief discussions ended, even though she had worked for seven hours before. In acts of toleration, Gray's sworn evidence is that she felt empowered to reject and did reject McDickinson's expression of interest, yet did not move her chair, or leave to avoid any further flirtatious actions.

Gray was unable to remember what was said or done for most of an hour before she was asked to dance and declined. The jury was left to speculate about the atmosphere and circumstances leading to that invitation. In the few seconds Gray says she was between McDickinson and Birchfield, she was not oppressed or pressed where she could not move away, which she easily did. Gray makes the leap and assumption that a reasonable person would fear for their safety but her claim is based

upon facts unsupported in the record. (Gray Brf., Doc. 52:43). Within those seconds, McDickinson purportedly put Gray's hand on her breast asked if they felt real. Appellants addressed the conflict in Gray's deposition and trial testimony on this action but Gray did not respond.

By contrast to the brushing of lips, a wanton act exhibiting a consciousness of likely injury or insult to Gray, potentially would have Birchfield forcing a real kiss, as she resisted, or grabbing her as she tried to move away. Even after Birchfield backed up, Gray remained "relatively close to them [Appellants]." (TR. Doc. 53:6-9). The facts do not support by clear and convincing evidence the existence of "circumstances of aggravation and insult."

Despite her argument, Gray did not testify to being intimidated and her facts do not allow a contrary inference. However, if the anti-social beginning of the oral sex act was considered as a part of the claim for punitive damages, as Gray (Gray Brf. Doc. 52:43) and the district court (App'x. Tab 19, Doc. 41-2, p. 145) do, the jury probably relied on that shocking testimony and made that the basis of the verdicts. If that fact was admissible for purposes of the other claims, it certainly was material to the assault and battery and punitive damages claims. Additionally, the district court also referred generally to "overall events of that evening," (App'x. Tab 19, Doc. 41-2, p. 145) to support the jury's verdicts. Yet, "all other facts" are not

FP 48976441.1 12-6-2023

material to the claims. *See Anderson,* 477 U.S. 248 explaining "the substantive law will identify what facts are material."

The objective evaluation required more than Gray or the district court would allow in light of the other and irrelevant testimony, apparently considered but presented on claims upon which Gray did not prevail. Moreover, Gray did not address Appellants' argument that the district court misunderstood her testimony about how the kiss, or brushing of lips, with Birchfield occurred when she turned to face him, and not as a result of her effort to move from between them. (App'x. Tab 19, Doc. 41-2, p. 145). This factual distinction is key to the "aggravation" found by the district court. The real fact prohibits any inference Birchfield was lurching at Gray, as she moved away, as opposed to the brushing of lips occurring as she turned to face him. This was not a conflict in the evidence for the jury to resolve – it is Gray's sworn testimony material to the elements of her claims for punitive damages.

3.  <u>Gray Did Not Demonstrate Birchfield or McDickinson Took Any Action Toward Her With Malice, Wantonness, or With A Deliberate Disregard of Her Rights.</u>

Despite the district court only finding the jury could have found wanton conduct or circumstances of aggravation, Gray attempted to show at brief a specific intent to touch Gray by claiming, without citation to the record, a plan, design or scheme of Appellants to lure her over and make sexual advances. (Gray Brf., Doc.

FP 48976441.1 12-6-2023

52:44).[4] While McDickinson asked Gray several times if they could "trust her," Gray's argument, on this point, fails in light of her testimony reflecting she never consented to "trust" them. In any event, those questions were asked in connection with the work issues discussed, not personal matters. (TR. Doc. 576, 30:20-31:17).

Acts considered to be "conscious and deliberate," must provide the grist for the claim. Gray cited *Berry v. Fife,* 590 So. 2d 884 (Ala. 1991) but did not address its central holding on the issue. When seeking punitive damages for "wanton conduct," a party "must prove that the defendant consciously or deliberately engaged in . . . 'conduct which is carried on with a reckless or conscious disregard of the right or safety of others.'" *Berry,* 590 So. 2d at 885, quoting § 6-11-20(a), Ala. Code (1975). The accused must also be "conscious," in this context, that an injury will likely or probably result from their actions. *Ex parte Essary,* 992 So. 2d 5, 9 (Ala. 2007)("The knowledge of the defendant is the sine qua non of wantonness."). Yet, Gray failed to show how the evidence of the touch by Birchfield, or any of three or four by McDickinson, provided a basis, beyond mere speculation, for the jury to have found wanton conduct by clear and convincing evidence. Moreover, Gray cannot do so with the assertions unsupported by the record.

---

[4] There was no testimony by Jackson, before the jury, along the lines of the statement written for him and signed by him in May, 2017 and cited by Gray in the Statement of Facts. (Gray Brf., Doc. 52:25).

16

Gray and the district court selected some of the facts to which she testified and ignored others. This approach was ostensibly to view her testimony in a favorable light. Appellants submit the test of what testimony to credit in the Rule 50(b) analysis compels a view of the evidence provided by the non-movant, as opposed to the movant, except undisputed evidence by movant the jury must believe. The test does not accept some and ignore other sworn testimony of the non-movant, if it does not support or undermines her prima facie case. *See Anderson,* 477 U.S. at 249, holding that in the face of a denial, the complainant must provide "significant probative evidence tending to support the complaint." *Id.,* quoting *First Nat'l. Bk. of Arizona v. Cities Service Co.,* 391 U.S. 253, 290, 88 S. Ct. 1575, 1593, 20 L. Ed. 2d 569 (1968); *Evans,* 407 F. 3d at 1278.

When asked why she did not respond or leave, she did not know the answer. By remaining there, Gray said "[Her] intention was not to give any type of communication." (TR. Doc. 577, 44:13). For instance, McDickinson asked Gray to dance – a benign request in the circumstances. Gray rejected the invitation to dance but did not likewise object to McDickinson taking her hands and pulling her up to dance. The point is not too subtle in evaluating whether Gray met the clear and convincing evidence standard.

The evidence, to be believed, shows the events happened in a private home, late at night and with drinking, music and low lights. The sloppy invitations for sex

may certainly be gross or decadent but do not rise to the level of consciousness of wanton acts, when all of Gray's testimony is duly credited. Accordingly, the punitive damages verdicts should be vacated.

**C.    Gray Cannot Make Her Proof With A General Denial By Appellants**

Gray's attempt to support the verdicts by pointing to what the jury could believe were impeachments of Birchfield's and McDickinson's testimony must fail. The parties agree with the holding in *Smith v. Metropolitan Sec. Servs., Inc.,* 537 App'x. 864, 869 (11th Cir. 2013) but differ in its application here. If Birchfield's testimony that he was not in the garage that night is successfully impeached, the opposite – he was in the garage – can be believed. However, that fact does not provide any evidence he intended to brush lips with Gray as she turned to face him and support the punitive damages claim. Likewise, McDickinson's denial she ever touched Gray does not allow a jury to infer she did so in an offensive manner. The issue would change if McDickinson had testified she did touch Gray but not in an offensive manner as was the case, warranting submission to the jury in *Wilcox v. Andalusia City Schs. Bd. Of Educ.,* 2:19-cv-650 * 43 (M. D. Ala. Mar. 8, 2023).

Gray's argument, in effect, is that in impeaching McDickinson and Birchfield on whether they had a relationship prior to November 14, 2015 and whether Birchfield was present, she has established that she demonstrated the touch by Birchfield was intentional and/or wanton, and the touchings by McDickinson could

FP 48976441.1 12-6-2023

reasonably be determined to be offensive and/or wanton and that their acts were clearly and convincingly deliberate, conscious, wanton and/or malicious. This is a *non sequitur.* It appears the district court also considered the purported impeachment evidence in evaluating the punitive damages claim. Accordingly, Gray is not relieved of her burden to show clear and convincing evidence of the elements of each claim by virtue of any impeachment.

### III.  <u>**GRAY IS NOT ENTITLED TO COSTS**</u>

The district court declared Gray entitled to costs associated with the defense of the counterclaims because they had been voluntarily dismissed with prejudice shortly before trial. (App'x. Doc. 41-2, Tab 20, p. 153). Gray only argued on appeal she was a prevailing party due to the verdicts for assault and battery and because the dismissal of the counterclaims served as an adjudication on the merits making her a prevailing party. Gray did not respond to Appellants' argument that there was insufficient explanation in the Order, or basis for awarding costs under Rule 41, Fed. R. Civ. P. against Appellants merely because the counterclaims were dismissed shortly before trial. (Appellants' Brief, Doc. 45, p. 65). Moreover, Gray did not timely file a Bill of Costs associated with any statutory costs related to the counterclaims and denied there were any. (App'x. Doc. 41-2, Tab 21, pp. 157-58). Gray did not file a Cross-Appeal of the district court's Order limiting an award of costs to the dismissal of the counterclaims. Erroneously claiming the district court's

FP 48976441.1 12-6-2023

Order on costs awarded "additional" costs, Gray implied in the Statement of the Case she was awarded all costs because of the verdicts for assault and battery. (Gray Brf., Doc. 52:20). This is incorrect. Gray is not entitled to an award of costs.

### A. Gray's Claim To Prevailing Party Status For Award of Costs Is Not Supported By the Law

The district court found Gray was a "prevailing party" on the counterclaims because they were voluntarily dismissed with prejudice. (App'x. Doc. 41-2, Tab 20, pp. 152-53).  The determination of a "prevailing party" for purposes of awarding costs, ordinarily takes place under Rule 54(b), Fed. R. Civ. P.  Appellants, relying on *Royal Palm Props LLC v. Pink Palm Prop. LLC,* 38 F. 4th 1372 (11th Cir. 2022), concluded there was no prevailing party because, considering the dismissal of the counterclaims as a win for Gray, the parties' successes were a tie.

Gray rejected this contention, ignoring Appellants' judgment on four claims, and by simply arguing that she was a prevailing party because of the verdict on assault and battery and dismissal of the counterclaims. (Gray Brf., Doc 52:33-7). *See CRST Van Expedited, Inc. v. Equal Employment Opportunity Commission,* 578 U.S. 419, 431, 136 S. Ct. 1632, 1651,194 L. Ed 2d 707 (2016)  ("The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision."); *Beach Blitz Co. v. City of Elizabeth,* 13 F. 4th 1289, 1301 (11th Cir. 2021)(involuntary Rule 12(b)(6) dismissal carried judicial imprimatur - without leave to amend - so rebuffed

20

company's attempt to alter its legal relationship with the City). Gray did not apply the holdings in these cases to this case. Gray's analysis of a prevailing party for purposes of awarding costs pursuant to Rule 54(b), Fed. R. Civ. P. in this matter is unbalanced.  There is no record evidence, nor does Gray describe what facts support, she "succeeded on a significant issue" and/or "achieved a substantial benefit" when she pressed six claims against Appellants and prevailed on only two.[5] (Gray Brf., Doc. 52:48).

Gray cited to *Head v. Medford,* 62 F. 3d 351, 354 (11th Cir. 1995) for the general rule that "[a] party need not prevail on all issues to justify a full award of costs, . . ." quoting *United States v. Mitchell,* 580 F. 2d 789, 793-94 (5th Cir. 1978). Medford and other Appellants, in the § 1988 evaluation, were found to be prevailing party defendants under Rule 54(b) by the district court when all federal claims were dismissed by summary judgment and supplemental jurisdiction over the state law claims was declined. *Head,* 62 F. 3d at 355. Gray also cited *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983) which deals with the assessment of a prevailing party for purposes of awarding attorney fees under § 1988. In particular, the cited page provides direction to a district court in calculating hours, determining the lodestar, and whether the plaintiff is deemed "prevailing" even though succeeding on only

---

[5] Gray valued her claim and sought $150,000 to $300,000 compensatory and triple the amount for punitives for each claim against each party yet only obtained a verdict of $5,000 compensatory and $20,000 punitives on one of three claims against each Appellant. *See* Closing Statement of Gray, Doc. 586:40-1, and App'x.Doc. 41-2, Tab 11 – Jury Verdict on damages).

some claims for relief. *Id.* The case emphasis on attorney fees results in less than persuasive authority for Gray's argument even though the "prevailing party" definition under § 1988 and Rule 54(b) are considered to be the same. *See, e.g., Royal Palm,* 38 F. 4th at 1377.

In attempting to distinguish the holding in *Royal Palm*, Gray used a narrow approach. The Eleventh Circuit Court of Appeals, in that case of first impression, held there can be only one prevailing party but interpreted Rule 54(b) as allowing, in the case of a tie or where there is no prevailing party, a district court to find there was no prevailing party. 38 F. 4th at 1382. Pointedly relying upon *CRST,* the panel noted "[a] defendant seeks to prevent the material alteration in the legal relationship between the parties." *Id.* at 1381. To do so is a "win" for a defending party. If this concept is not credited, Gray cannot receive credit for a win on the counterclaims. Gray cannot reconcile this fact with her refusal to credit Appellants' judgments. This is not the "what's good for the goose is good for the gander approach," Gray supports from the district court opinion.[6]

While Appellants argued the district court's finding of Gray as a "prevailing party" was inequitable in light of the tie obtained, Gray advocates for a different ruling altogether. (Appellants' Brf., Doc. 45:64). Despite failing to file a Bill of Costs

---

[6] Gray failed to address Appellants' argument about the district court's use of this phrase and misplaced reliance on the award of costs in *Vinson v. Koch Foods of Ala., LLC.,* No. 2:12-cv-1088, 2019 WL 6971497 * 1 (M.D. Ala. Jan. 29, 2019).

FP 48976441.1 12-6-2023

timely for, and denying any statutory costs were incurred in, defending the counterclaims, (App'x. Doc. 41-2, Tab 21, p. 158), Gray cites to her success on those claims as well as the assault and battery verdicts to justify the district court's Order "imposing costs against Appellants." (Gray Brf., Doc. 52:50).

Gray's inclusion of the verdicts for assault and battery in her analysis of "prevailing party" in the case is inconsistent with the district court's finding upon which she relies, in part. (Gray Brf., Doc. 52:50). Even though Gray prevailed on the counterclaims, she should not be awarded costs. Gray did not appeal the district court's Order finding her a prevailing party only for purposes of the counterclaim costs, yet argues she is entitled to "costs" for obtaining verdicts on the assault and battery claims. (*Compare* Gray Brf., Doc. 52:48 *with* Gray Civil Appeal Statement, Doc. 18, filed 10/25/2022, p. 2). Implicit in the district court's Order on costs (App'x. Doc. 41-2, Tab 20) is a general finding that neither Gray, nor Appellants were a "prevailing party" on the claims heard by the jury. This is the legitimate ruling in the circumstances.

### B. No Legitimate Basis Supports District Court Award of Costs Associated With the Counterclaims

Gray's argument did not make a clear delineation between a consideration of the award of costs under Rule 54(b) or Rule 41. Likely as not, the district court's "finding" that Gray was a prevailing party is inoperable *dicta* inasmuch as the award of costs, identified to the defense of the counterclaims, was made pursuant to the

23

district court's discretionary power under Rule 41 but still subject to a *de novo* review. The reason stated for awarding those costs was the "voluntary" dismissal and "on the eve of trial." (App'x. Doc 41-1, Tab 8, p. 30; Doc. 41-2, Tab 20, pp. 152-53). There is no contest to the assertion the dismissal amounted to "an adjudication on the merits." *See Semtek International, Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 506, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001)(the phrase prohibits a refiling in the same court); *Istvan v. Portfolio Recovery Assoc., LLC,* No. 2:13-cv-539 ** 5-6 (N. D. Ala. June 20, 2014); *see also Matthews v. Crosby,* 480 F. 3d 1265, 1276 (11th Cir. 2007)(voluntary dismissal with prejudice renders non-movant prevailing party).

The award of costs is in the nature of a sanction which should only be warranted by some irreparable prejudice to Gray. Even if her counsel had to prepare for the defense of the counterclaims, including in the trial brief, she did not show there were any costs avoided, if the counterclaims had gone to trial. Gray was relieved of the burden of defense at trial and the risk of loss. The finding under Rule 41 was incorrect, inequitable and an abuse of discretion which is judged by this Court on a "clearly erroneous" standard. *See Matthews,* 480 F. 3d at 1276.

## IV. CONCLUSION

Appellants urge the Court to vacate the verdicts on assault and battery and punitive damages and find there was no prevailing party for purposes of awarding

FP 48976441.1 12-6-2023

costs under Rule 41 or Rule 54(b) Fed. R. Civ. P., and reverse and render the Order

awarding costs to Gray associated with defense of the counterclaims.

Respectfully submitted,

*s/ Marion F. Walker*
**MARION F. WALKER**
Alabama Bar No. 0734-L73M
Of Counsel
**FISHER PHILLIPS LLP**
2100A South Bridge Parkway, Ste. 650
Birmingham, Alabama 35209
Telephone (205) 414-7419
Facsimile  (205) 718-7607
Email:  mfwalker@fisherphillips.com

## CERTIFICATE OF COMPLIANCE

I certify this brief complies with the type-volume limitation set forth in Rule

32(a)(7)(B)(1), Fed. R. App. Proc., in that, excluding the parts of the document

exempted by Rule 32(f), Fed. R. App. Proc., this brief contains 6365 words.

I further certify this brief complies with the typeface requirements of Rule

32(a)(5), Fed. R. App. Proc., and the type-style requirements of Rule 32(a)(6), Fed.

R. App. Proc., in that this document has been prepared using Word 14-point font in

Time New Roman.

*/s/Marion F. Walker*
Marion F. Walker (ASB L73M-0734)
Attorney for Appellants
Melissa McDickinson and
David Birchfield

25

# CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2023, I filed four (4) copies of **Appellants' Reply Brief** with the Clerk of the Court by placing same in the United Postal Service ("UPS"), postage prepaid, and properly addressed, and electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Charles E. Guerrier<br>ceguerrier@haynes-haynes.com<br>**Haynes & Haynes, PC**<br>1600 Woodmere Drive<br>Birmingham, AL 35226<br><br>Heather Newsom Leonard<br>Heather@HeatherLeonardPC.com<br>**Heather Leonard, P.C.**<br>2105 Devereux Circle, Suite 111<br>Birmingham, AL  35243<br><br>Cynthia Forman Wilkinson<br>cwilkinson@wilkinsonfirm.net<br>**Wilkinson Law Firm P.C**.<br>1317 Third Avenue North, Suite A<br>Birmingham, AL 35203<br><br>Alicia Kay Haynes<br>akhaynes@haynes-haynes.com<br>**Haynes & Haynes, PC**<br>1600 Woodmere Drive<br>Birmingham, AL  35226<br><br>**Attorneys for Plaintiff** | Rachel V. Barlotta<br>rbarlotta@bakerdonelson.com<br>**Baker, Donelson, Bearman,<br>Caldwell & Berkowitz, PC**<br>1901 Sixth Avenue North<br>Suite 2600<br>Birmingham, AL 35203<br><br>**Attorney for Koch Foods of Ala.,<br>LLC** |

*/s/ Marion F. Walker*
Marion F. Walker

26